UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIMOTHY TIDWELL, Individually,

    Plaintiff,

vs.                       Case No.

FELCOR/CMB BUCKHEAD HOTEL,
L.L.C., a Delaware Limited Liability
Company,

    Defendant.
_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, TIMOTHY TIDWELL, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, FELCOR/CMB BUCKHEAD HOTEL, L.L.C., a Delaware Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.     Plaintiff, Timothy Tidwell, is an individual residing in Atlanta, GA, in the County of Fulton.

2. Defendant's property, Embassy Suites, is located at 3285 Peachtree Rd. NE, Atlanta, GA 30305, in the County of Fulton.

3. Venue is properly located in the Northern District of Georgia because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Timothy Tidwell is a Georgia resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Tidwell has a history of severe knee arthritis which requires him to use a wheelchair to get around.

6. Timothy Tidwell stayed at the subject hotel on February 9 to 10, 2021. Mr. Tidwell enjoys visiting the Buckhead area, and sometimes stays overnight there because he enjoys the area and to confirm the facility is compliant with the ADA. Mr. Tidwell plans to return to the property in the near future once the property is made accessible. The Plaintiff has personally encountered architectural barriers at the subject property, which barriers are enumerated herein.

7. Defendant owns, leases (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Embassy Suites, and is located at 3285 Peachtree Rd. NE, Atlanta, GA 30305.

8. Timothy Tidwell has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this complaint. Mr. Tidwell has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Timothy Tidwell desires to visit Embassy Suites not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited

by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, <u>inter alia</u>, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Embassy Suites has shown that violations exist. These violations, which were personally encountered or observed by Plaintiff Timothy Tidwell include, but are not limited to:

**A.** **Parking**

1. There is no marked access aisle adjacent to the vehicle pull-up space of the passenger loading zone making it difficult for the Plaintiff to safely traverse to the lobby entrance, in violation of Sections 503.3 and 503.3.3 of the 2010 ADA Standards, whose resolution is readily achievable, and there is no sign designating the loading zone.

**B.** **Public Men's Restroom**

1. The 12 inches of spacing above the side wall grab bar is obstructed by the toilet seat cover dispenser and vertical grab bar making it difficult for the Plaintiff to utilize, in violation of Section 609.3 in the 2010 ADA Standards, whose resolution is readily achievable.

**C.** **Guest Room 407 (2 Bed 2 Bath Suite)**

1. The guest room identification signage is missing the international symbol of accessibility to let the Plaintiff know it's an accessible room, in violation of Section 703.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

2. The security latch lock is mounted higher than the maximum height allowance of 48 inches above the finished floor making it difficult for the Plaintiff to use, in violation of Sections 308.2.1 and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.

3. The 60 inches of door maneuvering clearance perpendicular to the doorway is obstructed by the television stand making it difficult for the Plaintiff to utilize, in violation of Section 404.2.4 in the 2010 ADA Standards, whose resolution is readily achievable.

4. The dresser drawer knobs require tight grasping and pinching making it difficult for the Plaintiff to use, in violation of Section 309.4 in the 2010 ADA Standards, whose resolution is readily achievable.

5. The microwave exceeds the maximum reach range height of 48 inches above the finish floor to the operable mechanism making it difficult for the Plaintiff to utilize, in violation of Sections 309.3 and 308.2.2 in the 2010 ADA Standards, whose resolution is readily achievable.

6. The toilet paper dispenser in both bathrooms are not 7 inches minimum and 9 inches maximum from the front of the toilet to the center of the dispenser as required making it difficult for the Plaintiff to utilize, in violation of Section 604.7 in the 2010 ADA Standards, whose resolution is readily achievable.

7. The shower controls are not in the compliant location as required making it difficult for the Plaintiff to use, in violation of Section 608.5.2 in the 2010 ADA Standards, whose resolution is readily achievable.

8. The operable mechanism on the hand-held shower spray unit to be adjusted on the bar requires tight grasping and twisting of the wrist to operate making it difficult for the Plaintiff to utilize, in violation of Section 309.4 in the 2010 ADA Standards, whose resolution is readily achievable.

9. The towel rack and trash receptacle are obstructing the water closet's 60 inches of perpendicular clearance from the side wall making it difficult for the Plaintiff to utilize the toilet, in violation of Section 604.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

10. The bathtub does not provide a shower spray unit that can be used in a fixed position and as a hand-held shower head making it difficult for the Plaintiff to shower, in violation of Section 607.6 in the 2010 ADA Standards, whose resolution is readily achievable.

11. The clearance around the water closet is not 60 inches perpendicular from the side wall due to the obstruction of the lavatory making it difficult for the Plaintiff to utilize, in violation of Section 604.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.

12. The toilet is missing the rear wall and side wall grab bar making it difficult for the Plaintiff to utilize, in violation of Section 604.5 in the 2010 ADA Standards, whose resolution is readily achievable.

13. Both of these lavatories in the guest room do not provide knee clearance as required making it difficult for the Plaintiff to use, in violation of Sections 305.4 and 306.3 in the 2010 ADA Standards, whose resolution is readily achievable.

14. In both bathrooms the flush control is not located on the open side of the toilet making it difficult for the Plaintiff to use, in violation of Sections 309 and 605.4 in the 2010 ADA Standards, whose resolution is readily achievable.

15. The side wall grab bar is in need of maintenance due to the towel obstructing the grab bars gripping surface making it difficult for the Plaintiff to use, in violation of Section 36.211 in the Code of Federal Regulation, whose resolution is readily achievable.

16. The side wall grab bar does not extend 54 inches from the rear wall as required making it difficult for the Plaintiff to utilize, in violation of Section 604.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.

17. The bathtub does not provide a seat with secure placement as required making it difficult for the Plaintiff to utilize, in violation of Section 610.2 in the 2010 ADA Standards, whose resolution is readily achievable.

18. The grab bars in the bathtub are not in the compliant locations on the wall as required making it difficult for the Plaintiff to utilize, in violation of Section 607.4.2 in the 2010 ADA Standards, whose resolution is readily achievable.

19. The bathtub controls are not located centerline of the bathtub rim and the open side making it difficult for the Plaintiff to operate, in violation of Section 607.5 in the 2010 ADA Standards, whose resolution is readily achievable.

D. **Lack of Compliant Disabled Rooms Properly Disbursed**

1. The subject hotel lacks the required number of compliant disabled rooms, and the disabled rooms are not dispersed amongst the various classes of guest rooms in violation of Section 224.5 of the 2010 ADAAG.

E. **Maintenance**

1. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR 36.211.

10. All of the foregoing violations are also violations of the 1991 Americans

7

with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities,

privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of

public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Embassy Suites to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

e. The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

Respectfully Submitted,

Jon David W. Huffman, Esq.
GA Bar No. 937966
Poole Huffman, LLC
3562 Habersham at Northlake
Building J, Suite 200
Tucker, GA 30084
(404) 373-4008
(888) 709-5723 - Facsimile
jondavid@poolehuffman.com

John P. Fuller, Esq., *pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
jpf@fullerfuller.com

By: _____
Jon David W. Huffman, Esq.
GA Bar No. 937966

Counsel for Plaintiff Timothy Tidwell

Counsel certifies that this filing is in an acceptable type and font, in accordance with L.R. 5.1(B) and (C), NDGA.